Filed: 1/31/2022 5:13 PM
Lynne Finley
District Clerk
Collin County, Texas
By Rebekah Griffin Deputy
Envelope ID: 61321423

**CAUSE NO:** 401-00580-2022

| | | |
|---|---|---|
| **CHRISTOPHER PRANTE** | § | **IN THE DISTRICT COURT** |
| *PLAINTIFF,* | § | |
| | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **WALMART, INC., D/B/A WALMART** | § | |
| **SUPERCENTER NO. 206,** | § | **COLLIN COUNTY, TEXAS** |
| *DEFENDANT.* | | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Christopher Prante, Plaintiff, complaining of and against Defendant Walmart, Inc., d/b/a Walmart Supercenter No. 206, Defendant herein, and would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Discovery Level 3.

### II. PARTIES AND SERVICE

Plaintiff Christopher Prante (hereinafter "Plaintiff") resides in Dallas County, Texas. Defendant Walmart, Inc. d/b/a Walmart Supercenter No. 206 (hereinafter "Defendant") is a Texas Corporation which may be served through its registered agent, C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. **Issuance of citation is requested at this time**.

### III. JURISDICTION

This Court has jurisdiction as Plaintiff's damages exceed the minimum jurisdictional limits of this Court. Plaintiff seeks monetary relief over $1,000.000.00.

## IV. VENUE

Venue is proper in Collin County, Texas, pursuant to 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because the facts that give rise to the causes of action occurred in Collin County, Texas.

## V. FACTS

On or about February 24, 2020 in McKinney, Collin County, Texas, Plaintiff would respectfully show the Court that he was a business invitee at a facility owned/operated by the Defendant and located at 2041 Redbud Boulevard in the City of McKinney in Collin County, Texas, 75069. At all times material to this cause of action, Defendant Walmart, Inc. owned and/or managed and/or controlled the premises in question.

While inside the premises of the Defendant, Plaintiff was in the lobby area by the cart area. Plaintiff went to sit on the in one of the seats in a row of seats that was there for customer use.  As Plaintiff began to sit, the seat slipped from its base and caused Plaintiff to fall to the ground, causing injury to Plaintiff's right foot and right shoulder. Defendant's employee, a security guard named Jerry, saw Plaintiff fall and laughed at Plaintiff when he fell; Jerry then told Plaintiff that the seat had been "broken for 3 ½ to 4 months."

Plaintiff alleges that Defendant was guilty of maintaining dangerous conditions and for failing to inspect the premises.  Plaintiff alleges further that Defendant failed to warn the Plaintiff of the dangerous condition.   Defendant had actual and/or constructive notice of the dangerous condition.

 As a result of the Defendant's negligent conduct, Plaintiff Christopher Prante suffered personal injuries, damages and humiliation.

It was the Defendant, 's negligence and negligence *per se*, which was the proximate cause

of Plaintiff's personal injuries and damages.

## VI. NEGLIGENCE OF DEFENDANT

The conduct of Defendant and its employees was the proximate causes of Plaintiff's personal injuries in that Defendant Walmart, Inc.'s and its employees' acts or omissions, constituted negligence in following acts of negligence, to wit:

    a.    failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

    b.    failing to keep the premises safe;

    c.    failing to warn the Plaintiff that a dangerous condition existed in the premises; failing to adequately repair the dangerous condition that existed on the premises;

    d.    failing to inspect the premises prior to allowing customers and invitees in the premises.

Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiff sustaining injuries and damages that are described below.

## VII. DAMAGES

As a result of the negligent conduct of Defendant Walmart, Inc., Plaintiff Christopher Prante suffered injuries to various parts of his body.

As a result of the injuries Plaintiff sustained, Christopher Prante incurred reasonable and necessary doctors and medical expenses for necessary medical care and attention in excess of $170,000.00. There is also a reasonable medical probability Christopher Prante will incur additional reasonable expenses for necessary medical care and attention, including additional surgery, in an amount unknown at this time.

In addition, Christopher Prante suffered severe physical and mental pain, suffering and

anguish and in all reasonable probability, will continue to suffer in this manner well into the future if not for the balance of his life.

Further, as a proximate result of the Defendant's negligence, Plaintiff has suffered lost wages and a loss of earning capacity.

As a proximate result of the negligence of Defendant Walmart, Inc., Plaintiff Christopher Prante, suffered injuries that have, temporarily or permanently, diminished Plaintiff's ability to administer to the needs of Plaintiff and Plaintiff's family. In all probability, the ability to attend to customary household duties will continue to be so impaired well into the future, if not for the balance of his life.

## PRAYER

**WHEREFORE**, Plaintiff will respectfully request that Defendant be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendant for the following:

a. Actual medical bills in excess of $170,000.00 for Christopher Prante which are necessary and reasonable for these types of services in Collin County, Texas; and for future medical attention in amounts unknown at this time;

b. Monetary damages for past physical pain and suffering and mental anguish in an amount found to be reasonable and just by the trier of fact;

c. Monetary damages for future physical pain and suffering and mental anguish in an amount found to be reasonable and just by the trier of fact;

d. Lost wages;

e. Loss of earning capacity;

f. Physical and wage impairment as determined by the trier of fact;

g. Pre and post judgment interest at the maximum legal rate;

h.  Cost of Court; and

i.  For such other and further relief, at law or in equity, to which Plaintiff will be justly entitled.

Respectfully submitted,

**R. E. LÓPEZ & MORALES**
550 E. 15th St., Suite 200
Plano, Texas 75074
Telephone: (469) 209-7727
Facsimile: (888) 601-4934
Service@NorthTxLaw.com

By: _____
**Jennifer J. Clayton**
Texas Bar No. 24048395
**R. Eric Lopez**
Texas Bar No. 24049894
**Daniel Morales**
Texas Bar No. 24049056

ATTORNEYS FOR PLAINTIFF
